**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Troy WORMLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 2, 2008.

Filed May 21, 2008.

Karl Baker, Public Defender, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., for Com., appellee.

BEFORE: STEVENS, KLEIN, and KELLY, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from an order entered in the Court of Common Pleas of Philadelphia County denying Appellant's Writ of *Certiorari* in which he argued the Municipal Court erred in failing to suppress evidence against him. Under the Pennsylvania Supreme Court's recent decision of *Commonwealth v. Dunlap,* —— Pa. ——, 941 A.2d 671 (2007), we are constrained to vacate judgment of sentence.

¶ 2 The Honorable Joan A. Brown of the Court of Common Pleas of Philadelphia County provides in her Pa.R.A.P.1925(a) opinion an apt recitation of factual and procedural history:

Troy Wormley, (hereinafter "Appellant"), has appealed this Court's Order denying his petition for a Writ of *Certiorari* in the Philadelphia Court of Common Pleas from a denial of his motion in the Philadelphia Municipal Court to suppress physical evidence. Appellant contends that the reviewing court erred in denying his motion to suppress physical evidence in as much as police observation of a mere exchange of unknown objects for money did not proved probable cause to search Appellant's pocket and seize evidence from within in violation of Appellant's rights under Article 1, Section 8 of the Pennsylvania Constitution and the Fourth Amendment of the United States Constitution. This Court finds that Appellant's complaint fails and lacks merit, as the record supports the factual findings and the conclusions drawn therefrom. This appeal, therefore, should be dismissed with prejudice.

### PROCEDURAL HISTORY

On February 7, 2005, Appellant was arrested and charged with knowing possession of a controlled substance. On November 3, 2005, the Honorable James DeLeon denied Appellant's motion to suppress. After a Bench trial on March 20, 2006, the Honorable David C. Shuter found Appellant guilty and sentenced him to twelve (12) months probation. On April 13, 2006, Appellant filed a Petition for a Writ of *Certiorari* which was heard and denied by this Court on August 3, 2006. On August 29, 2006 Appellant filed a timely appeal from the denial of a writ of *certiorari.*

On February 7, 2007, Appellant was ordered to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P.1925(b) within fourteen days of entry of the Order. Accordingly, Appellant timely filed his Statement on February 20, 2007.

*FACTS*

At the suppression hearing Philadelphia Police Officer Levaughn Rudsill, Narcotics Field Unit, testified that on February 7, 2005 at approximately 5:20 p.m. his tour of duty took him to the area of 3600 North 17th Street in the City of Philadelphia, PA. He stated that he was traveling northbound with his partner when he observed a black male, later identified as Alonzo Roundtree, standing on the northwest corner of 17th and Pacific Streets in front of the "Nice and Polite Lounge." Officer Rudsill testified that he then saw Appellant exit the bar, approach Mr. Roundtree and engage in a brief conversation. He stated that when he was directly across from that corner, he observed Appellant hand Mr. Roundtree U.S. currency which Mr. Roundtree took with his left hand. In exchange Mr. Roundtree took small items from his right jacket pocket and handed them to Appellant. Officer Rudsill testified that after the transaction Mr. Roundtree went back into the bar and Appellant walked across 17th Street behind his vehicle and he then observed Appellant place the small items in his right rear pants pocket. He stated that Appellant entered the passenger side of a blue vehicle at which time they exited their vehicle and ordered Appellant to get out of the passenger side. Officer Rudsill's partner then recovered in Officer Rudsill's presence two clear packets of alleged crack cocaine from Appellant's right rear pocket which were placed on property receipts; Appellant was immediately placed under arrest. He stated

that they went into the "Nice and Polite Lounge," stopped Mr. Roundtree, and recovered ten clear and five red tinted packets of alleged crack cocaine from him. Officer Rudsill testified that the two clear packets recovered from Appellant were identical to those recovered from Mr. Roundtree.

[Officer Rudsill] stated he was familiar with the subject area and that he had previously conducted investigations and "street jobs" at that location. Officer Rudsill testified that the transaction between the two men which took place in a residential neighborhood only took seconds. He stated that he had been a Philadelphia police officer for twelve years and that he had been part of the Narcotics Field Unit for eight years and that what he observed that day was the usual way of exchanging money for drugs. On cross-examination, Officer Rudsill testified he clearly observed the exchange of money for small items between Appellant and Mr. Roundtree and he believed it was a narcotics transaction.

Court of Common Pleas' Pa.R.A.P.1925(a) opinion dated 7/3/07 at 1–3.

Our standard of review of a denial of suppression is whether the record supports the trial court's factual findings and whether the legal conclusions drawn therefrom are free from error. Our scope of review is limited; we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts. *Commonwealth v. Reppert,* 814 A.2d 1196, 1200 (Pa.Super.2002) (en banc).

¶ 3 In the case before us, the quantum of evidence offered at Appellant's suppression hearing was that an officer possessing years' experience in making drug arrests both in general and specifically at the location here in question, witnessed a single, suspicious exchange of money for small items as he was driving by in his patrol car. Believing he had witnessed a drug transaction, the officer apprehended the buyer (Appellant,) uncovered two packets of crack cocaine from inside his jacket pocket, and arrested him.

¶ 4 In a case squarely on point, however, the Pennsylvania Supreme Court recently held that such a quantum of evidence falls short of supplying probable cause to support a warrantless search and arrest. In *Dunlap, supra,* the Court held that an officer's observation of a single, isolated transaction of money for unidentified objects in a high crime area created only a suspicion of drug activity, and not probable cause to arrest, even where the officer possessed both expertise in drug enforcement and experience with the high drug-crime location in question.[1]

¶ 5 Dissenting opinions in *Dunlap* charged the majority with eschewing the "totality of the evidence" standard of review in favor of a piecemeal review where each piece is viewed in isolation and declared insufficient to support probable cause. While the "common, surreptitious exchange paradigm" standing alone may not give rise to probable cause, Justice Castille reasoned in his dissent, when it occurs in a location notorious for drug

---

1. Of course, *Dunlap* does not affect an officer's ability to conduct an investigative detention on the basis of reasonable suspicion and, where warranted under the circumstances, pat down a suspect for weapons.

dealing and is observed by an officer with specialized narcotics experience and knowledge of the particular location, probable cause is surely met. *Dunlap,* —— Pa. at ——, 941 A.2d at 682 (Castille, J. dissenting). Indeed, such circumstances make a sale of drugs the *most likely* explanation of the transaction observed, a probability which exceeds the threshold requirement of the probable cause doctrine. *See Texas v. Brown,* 460 U.S. 730, 742, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983) (explaining probable cause requires less than a showing that the officer's belief was "more likely true than false.").

¶ 6 The touchstone of the Fourth Amendment is reasonableness, Justice Castille continued, and there is nothing arbitrary or unreasonable under the totality of such circumstances about a targeted, minimally intrusive search to either confirm or dispel the reasonable belief that a suspect just dealt in illegal drugs. In fact, Justice Castille concluded, it is the majority's holding requiring some magic number of observations greater than one that creates arbitrariness here. "In the wake of today's decision, officers on the street will now be left to guess the magic number of drug arrests before their observations will be deemed sufficiently supported by experience to allow the relevant factors to give rise to probable cause." *Dunlap,* —— Pa. at ——, 941 A.2d at 684 (Castille, J. dissenting). Justice Eakin's dissent amplified that reasonable probabilities, and not certainties, inform the Fourth Amendment inquiry, and that he had yet to come across an innocent explanation of such conduct in similar cases in his experience. "If a drug transaction is the most likely explanation, why should this Court permit continuation of the formulaic fiction that one transaction can never comprise probable

cause?" *Dunlap,* —— Pa. at ——, 941 A.2d at 685.

¶ 7 The merit of the dissenting opinions notwithstanding, we are bound by the *Dunlap* decision to hold the evidence presented at Appellant's suppression hearing was insufficient to establish probable cause to search and arrest him on suspicion of drug possession.[2] Accordingly, we are constrained to vacate judgment of sentence and remand for further proceedings consistent with this decision.

¶ 8 Judgment of sentence is vacated. Case remanded. Jurisdiction relinquished.

¶ 9 KELLY, J. Concurs in the Result.

---

2. The Pennsylvania Legislature may have the power to clarify the law in this type of case.